U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 3 0 2008
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 6:08-cr-60015-001
)
NITIN KUMAR )

# PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

## WAIVER OF INDICTMENT AND PLEA OF GUILTY TO INFORMATION

1.  The defendant agrees to waive indictment by a grand jury, and consents to the filing of an information charging him with Possession of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(3). Defendant further agrees to plead guilty to the information.

## ADVICE OF RIGHTS

2.  The defendant hereby acknowledges that he has been advised of his constitutional and statutory rights. Further, the defendant agrees that he fully understands his right:

    a.  to have an attorney and if he cannot afford an attorney, to have one provided to him and paid for at government expense;

    b.  to persist in his plea of not guilty;

    c.  to have a speedy and public trial by jury;

d. to be presumed innocent until proven guilty beyond a reasonable doubt;

e. to confront and examine witnesses who testify against him;

f. to call witnesses on his behalf;

g. to choose to testify or not testify and that no one could force him to testify;

h. to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

3. The defendant hereby acknowledges that he understands with respect to each count to which he pleads guilty, he thereby <u>WAIVES</u> all of the rights listed as (b) through (h) of paragraph 2.

## WAIVER OF ACCESS TO RECORDS

4. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

5. The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

6. By signing this agreement, the defendant acknowledges that he has been advised of his rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the

Federal Rules of Evidence. If the defendant should breach any provision of this plea agreement, he hereby agrees that said breach operates as a WAIVER of his rights under Rule 11(f) and Rule 410. Upon defendant's breach of any provision of this agreement, the government shall be allowed to use and to introduce into evidence any one or more of the following:

    a. admissions against interest, both oral and written, made by the defendant to any person;

    b. statements made by the defendant during his change of plea hearing;

    c. the factual basis used at the change of plea hearing;

    d. any testimony given under oath to a grand jury or a petit jury;

    e. any and all physical evidence of any kind which the defendant has provided to the government; and,

    f. any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

7. If the defendant is found to be in breach of this plea agreement, it is further agreed that the government may move to reinstate dismissed charges, the government may pursue additional charges, and the government shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## STIPULATION OF FACTS

8. The parties agree and stipulate that the United States could prove the following facts should this case proceed to trial: On or about April 2, 2008, the defendant was found to be in possession of more than fifteen credit cards that contained account numbers that the defendant was not authorized to possess or use. The defendant was apprehended in a Wal-Mart store in

Arkadelphia, Arkansas, in the Western District of Arkansas, where the defendant had used some of the credit cards in his possession to obtain cash and other things of value.

## MAXIMUM PENALTIES

9. The defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to the information, the defendant agrees that he faces:

    a. a maximum term of imprisonment for 10 years;

    b. a maximum fine of $250,000;

    c. both imprisonment and fine;

    d. a term of supervised release which begins after release from prison;

    e. a possibility of going back to prison if the defendant violates the conditions of supervised release;

    f. a special assessment of $100.00.

## NO OTHER CHARGES

10. The government agrees that no other federal charges, which stem from the activities described in the indictment, will be brought against the defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

11. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range of punishment.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

12. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

13. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

14. Upon demand, the defendant shall submit a personal financial statement under oath and/or submit to interviews by the United States Probation Office and/or the United States Attorney's Office regarding his capacity to satisfy any fines and/or restitution.

## PERJURY

15. In the event it is determined that the defendant has not been truthful with the Court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

16. The government agrees not to make a recommendation as to what specific sentence should be given to the defendant. In the event that the government makes a motion for a downward departure, this provision shall not prohibit the government from making a recommendation to the Court on the extent of any such departure.

17. The government agrees not to object to a finding by the probation officer or a ruling of the Court which awards the defendant an appropriate level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater, and the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one point reduction for acceptance of responsibility for a total of three points.

## GOVERNMENT'S RESERVATION OF RIGHTS

18. Although the government agrees not to object to certain findings by the probation office or to rulings of the Court, it reserves the right to:

    a. make all facts known to the probation office and to the Court;

    b. call witnesses and introduce evidence in support of the Presentence Report;

    c. contest and appeal any finding of fact or application of the Sentencing Guidelines;

d. contest and appeal any departure from the appropriate guideline range;

e. defend the rulings of the district court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

19. The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the defendant's requests or recommendations for certain findings of fact or applications of the guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

20. The parties agree that nothing in this agreement binds the district court to:

    a. make any specific finding of fact;

    b. make any particular application of the Sentencing Guidelines;

    c. hand down any specific sentence;

    d. accept this plea agreement.

21. The government and the defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## RESTITUTION

22. The Court can order the defendant to pay restitution for the full loss caused by his conduct as set forth above. The defendant agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in all the counts to which the defendant

is pleading guilty. The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

23. The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

24. The defendant agrees that he will pay $100 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT AND DEFENSE COUNSEL

25. The defendant and his attorney state hereby that neither one of them has been subjected to any threats or coercion which have induced the defendant to change his plea to guilty. Further, the defendant and his attorney acknowledge that the defendant's desire to change his plea to guilty is not the result of threats or coercion directed at anyone connected with them.

26. By signing this plea agreement, counsel for the defendant acknowledges that:

   a. he has read this plea agreement;

   b. he has given a copy of it to the defendant;

   c. he has explained the ramifications of the plea agreement to the defendant;

   d. he believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

27. The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral

agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this __30__ day of __October__, 2008.

_____
Nitin Kumar
Defendant

_____
Travis Berry
Attorney for Defendant

ROBERT C. BALFE
U. S. ATTORNEY

By: _____
Clay Fowlkes
Assistant U.S. Attorney